**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SANFORD AIRPORT AUTHORITY,**

        **Plaintiff,**

-vs-                                          Case No. 6:07-cv-1842-Orl-31DAB

**ACI CONSTRUCTION SERVICES, INC.**
**and CONTINENTAL CASUALTY**
**COMPANY,**

        **Defendants.**

**ACI CONSTRUCTION SERVICES, INC.,**

        **Third Party Plaintiff,**

-vs-

**DURA-STRESS, INC., and AMERICAN**
**CONSTRUCTORS INDEMNITY**
**COMPANY,**

        **Third Party Defendants.**

# ORDER

This matter comes before the Court on Third-Party Defendant Dura-Stress, Inc.'s Motion to Dismiss (Doc. 6) and ACI Construction Services, Inc.'s Response thereto (Doc. 19).

**I. Background**

On October 28, 2005, Plaintiff Sanford Airport Authority ("SAA") entered into a contract with ACI Construction Services, Inc. ("ACI"), a general contractor, for the construction of a

parking garage and pedestrian bridge located at Orlando Sanford International Airport (sometimes referred to herein as the "Project").

On February 15, 2006, ACI entered into a subcontract agreement with Dura-Stress, Inc. ("Dura-Stress"), to do the precast concrete work on the Project. (Doc. 19-2 at 4-9). The indemnity provision of that subcontract reads, in relevant part:

> [Dura-Stress] shall indemnify, defend and hold harmless [ACI] and [SAA] and any and all of the agents and employees of either from and against all actions, claims, damages, liabilities, governmental fines and impositions, losses and expenses, including attorneys' fees, costs of court and other legal expenses, arising out of or resulting from the performance of the subcontractor's work under this subcontract agreement.

(Doc. 19-2 at 9).

After SAA filed this suit against ACI for breach of contract, ACI filed a third-party complaint against Dura-Stress for breach of the subcontract's indemnification provision. ACI also filed a breach of contract claim against American Constructors Indemnity Company ("American") (the surety for Dura-Stress). (Doc. 19-3).

Dura-Stress has now moved to dismiss the third-party complaint against it, claiming that the forum selection clause in the ACI/Dura-Stress subcontract entitles Dura-Stress to a complete dismissal.

**II. Standard of Review**

> The Eleventh Circuit has established that motions to dismiss premised upon choice of forum and/or choice of law clauses are properly brought pursuant to 12(b)(3) of the Federal Rules of Civil Procedure as motions to dismiss for improper venue. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998). Therefore, this Court will consider Defendants' forum selection clause arguments under a 12(b)(3) improper venue analysis. In considering a motion to dismiss for improper venue, "the court may consider matters outside the pleadings such as affidavit testimony, 'particularly when the motion is predicated upon key issues of fact.'" *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004) (quoting *Webster v. Royal Caribbean Cruises*, Ltd., 124 F.Supp.2d 1317,

>  1320 (S.D.Fla.2000)). On a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper. *Wai*, 315 F.Supp.2d at 1268. The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits, and when an allegation is so challenged the court may examine facts outside of the complaint to determine whether venue is proper. *Id*. Finally, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *Id*.

*BP Prods. N. Am., Inc. v. Super Stop 79, Inc.*, 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006).

### III. Legal Analysis

The forum selection clause at issue reads as follows:

> In the event that [ACI] does not elect to arbitrate a claim or dispute hereunder, [ACI] and [Dura-Stress] agree that any suit instituted by [ACI] or [Dura-Stress] shall be brought before the state or federal court in Hillsborough County, Florida . . . and Hillsborough County Florida shall be the sole and exclusive venue of any such suit. Both [ACI] and [Dura-Stress] submit and consent to and waive any objections to the venue of such suits before the Courts in Hillsborough County.

(Doc. 19-2 at 10).

This Court agrees with ACI that the forum selection clause has not been triggered in this matter because the clause refers only to suits "instituted" by ACI or Dura-Stress and this suit was instituted by SAA. The plain meaning of "institute" is "to set up" and "to start; initiate." Webster's New World Dictionary at 389 (2d ed. 1975). As a matter of contract interpretation, and under the plain meaning of the word "instituted," the forum selection clause has not been triggered and does not apply to the instant dispute. Moreover, litigation of the third-party claim in a separate action would not serve the ends of judicial efficiency. *See* Fed. R. Civ. P. 1 and 14.

**IV. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Dura-Stress Inc.'s Motion to Dismiss (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 8, 2008.

                                                                                            GREGORY A. PRESNELL
Copies furnished to:                                            UNITED STATES DISTRICT JUDGE

Counsel of Record
Unrepresented Party